# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2022

Lyle W. Cayce
Clerk

No. 21-60298
Summary Calendar

---

Nitesh Chhetri,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 201 755 304

---

Before Smith, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:*

Nitesh Chhetri, a native and citizen of Nepal, petitions for review of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of a decision of the Immigration Judge (I.J.) concluding that he was not entitled to asylum and withholding of removal. He does not challenge the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

BIA's conclusions that he presented insufficient documentary evidence to corroborate his claims of persecution and that he waived any claim under the Convention Against Torture. Those claims are deemed abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Although Chhetri posits that the I.J. erred in concluding that he had not established past persecution or a well-founded fear of future persecution, we lack jurisdiction over those arguments because he has not exhausted those claims before the BIA. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022); *see also Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018) (explaining that this court reviews the BIA's decision and considers the I.J.'s decision only to the extent that it influenced the BIA). Likewise, insofar as Chhetri raises claims relating to his pending motion to reopen and to a due process violation based on an alleged improper translation of the record of the immigration proceedings, those claims are unexhausted. *See Martinez-Guevara*, 27 F.4th at 360 & n.6.

The BIA upheld the I.J.'s finding that Chhetri was not credible, relying on the I.J.'s "specific and cogent reasons derived from the record" to support the adverse-credibility determination. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). "The factfinder may rely on any inconsistency or omission to determine that the petitioner is not credible in light of the totality of the circumstances, regardless of whether the inconsistency or omission goes to the heart of the applicant's claim." *Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020). Although Chhetri presents explanations for the inconsistences and omissions, the BIA was not required to accept them. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 438–39 (5th Cir. 2020).

The adverse-credibility finding is dispositive of Chhetri's claims for asylum and withholding of removal. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994); *see also Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021).

No. 21-60298

Because the BIA expressly declined to address the I.J.'s ruling that Chhetri had firmly resettled in India, we may not consider Chhetri's assertions on that issue. *See Singh*, 880 F.3d at 224.

Accordingly, the petition for review is DENIED in part and DISMISSED in part for want of jurisdiction. Chhetri's "Motion for Addition to Record" is DENIED.